# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CINCINNATI INSURANCE CO.,        )
                                 )
           Plaintiff,            )
                                 )
v.                               )   Case No.  11-2075-JAR
                                 )
EDWARD SERRANO, et al.,          )
                                 )
           Defendants.           )
_____  )

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR PROTECTIVE ORDER

Before the Court is Plaintiff's Motion for Protective Order.  (Doc. 69.)  The Court has reviewed Plaintiff's Memorandum in Support (Doc. 70), Defendant's Response (Doc. 71), and Plaintiff's Reply (Doc. 74).

Plaintiff complains about defense counsel's conduct during depositions in this case, and requests an order directing counsel to "discontinue their use of interruptions and speaking objections" in future depositions.  (Doc. 70, at 15.)  Defendant denies that its conduct was improper, claiming that objections made during the deposition were "concise and proper."  (Doc. 71, at 2.)  However, defense counsel states that he "needs and desires instruction from the Court on how to properly preserve a form objection under [the Court's] Deposition Guidline[s]

and Federal Rule of Civil Procedure 30(c)(2)."  The Court grants Plaintiff's motion and, in doing so, fulfills Defendant's request.

## FACTS

Plaintiff's motion is based on the following exchanges, which occurred during Ms. Christiani's deposition (excerpted from Doc.70, at 2-9).

> Q. If you were told by anyone in Emporia that the Serranos would accept a hundred thousand dollars of policy limits to settle their claims against your son Derek as a result of the accident, would you have let Cincinnati Insurance Company know that?
>
> MR. SCHMITT:  Objection.  Calls for speculation on the part of the witness since Cincinnati never offered the money.  But if you're guessing, if you know.
>
> MR. KUCKLEMAN: And just so we're clear.  This is the first deposition that you've attended in this litigation, Mr. Schmitt, but the deposition guidelines call for objecting to form only, and if I feel like the form -- I need to get a clarification of your objection then I will ask for it.
>
> MR. SCHMITT:  Okay.  Objection.  Calls for speculation on the part of the witness.
>
> MR. KUCKLEMAN:  That's a speaking objection.  That's in violation of the deposition guidelines, it's also in the scheduling order.
>
> MR. SCHMITT:  That's all right.  I have to represent my client as I see fit.
>
> MR. BERGMAN:  I think actually calling for speculation is an objection to form.  I think it is.
>
> MR. SCHMITT:  Karl thinks you're supposed to just say objection.  Form -- to the form is correct.

MR. KUCKLEMAN:  That is correct.  That's exactly what the deposition guidelines call for.

MR. BERGMAN:  Well, I think you have to make an objection –

MR. SCHMITT:  That way you get to chance to cure it.

MR. BERGMAN:  That addresses the form. It's not worth really debating, but -- I don't think the courts allow an unspecified objection as to form. I think you have to call --

MR. SCHMITT:  You have to preserve it somehow and that way you can cure it if you like.

MR. KUCKLEMAN:   And you can object to form and that's the way you cure it, and if I need clarification of your objection I'll ask for clarification.

MR. SCHMITT:  Oh, sorry.  Trying to help you out.  But I've been not instructing her not to answer, so.  Let me read what you've got there, Karl. Please, thanks.  Paragraph 5a.  Okay.  Deposition guidelines.  Let me look. Okay.  I'm not sure what I violated here, if you think I violated something.

MR. KUCKLEMAN:  The only objections that should be asserted are those involving privilege or work product protection or some matter that may be remedied if presented at the time such as an objection to the form of the question or the responsiveness of the answer.  Other objections shall be avoided unless the deposition is being taken for the express purpose of preserving testimony.

MR. SCHMITT:  Yeah.  I get it.  I don't think I violated that.

MR. KUCKLEMAN:  I think by virtue of your objection you're suggesting something to the witness.

MR. SCHMITT:  I don't.

MR. BERGMAN:  Overruled.  Both overruled.

MR. KUCKLEMAN:  Was there an answer given to the question?

MR. SCHMITT:  Not so far.

----------------------------

Q. The lawsuit against Derek was filed less than six months after the accident occurred.  Has anyone explained to you why the lawsuit was filed so soon after the accident?

MR. BERGMAN:  I'm going to object.  I think that question is suggestive.

MR. SCHMITT:  And it's argumentative if nothing else, so.

MR. BERGMAN:  Yeah.  And argumentative.

MR. KUCKLEMAN:  And I think both of those are in violation of the court's order.  You can answer.

MR. BERGMAN:  Let me -- I'm going to clarify this.  You mean to say that all I have to say is object to the form and then later on I can develop whatever objections that I want within form and you're okay with that?

MR. KUCKLEMAN:  If I ask you for clarification right now then you can articulate them.  The purpose for the rule is so that you don't sit there and make a speaking objection which would indicate to the witness how the witness should answer or should not answer the question.

MR. BERGMAN:  My understanding is if I don't get specific enough that I may have waived my objection, so I'm going to make objections that go to form but I'm going to specify the basis of the objection, and if I'm wrong on that, you know, I guess I'll be corrected.

--------------------

In response to the question, "if the Serranos had asked for your help in October 2009 would you have provided it to them," after Mr. Bergman

-4-

stated, "object to that as vague,"and Mr. Schmitt stated, "object. Calls for speculation," Ms. Christiani responded, "what do you mean by help?"

---------------------------

In response to the follow-up question, "if the Serranos had -- had called up you at any time before the suit was filed and said can you help us with this would you have -- would you have done everything you could to do so," Mr. Bergman said, "object as vague," and Mr. Schmitt stated, "objection. Calls for speculation on the part of the witness. Improper foundation." Ms. Christiani then responded, "What do you mean by this?"

After the question, "Did the Hinkle Law Firm tell you that Derek was judgment proof," Mr. Schmitt interjected, "if you understand his question -- if you're not understanding his question --," Ms. Christiani stated, "I don't understand what you mean."

-----------------

> Q.    What did the Hinkle Law Firm tell you that was at risk for Derek if the Serrano's claims went forward to a judgment?
>
> A.    As I recall they said there could be a large judgment against him.
>
> MR. SCHMITT: And -- and Karl's asking what did they tell you. He's not asking you what you may have overheard Derek referencing. So --
>
> THE WITNESS: They said that was a possibility, there could be a large settlement against him.
>
> BY MR. KUCKLEMAN:
>
> Q.    A large judgment or large settlement?
>
> MR. SCHMITT: If you know the difference between the two.
>
> A.    Same thing in my mind, but I'm not an attorney, so I don't understand.

----------------------

> In response to the question, "do you believe that Mr. Young should have asked for authority to offer the policy limits earlier than he did," Mr. Schmitt stated, "objection. Improper foundation. Calls for speculation on the part of the witness," and Mr. Bergman said, "same objection." Ms. Christiani then responded, "I don't know what Mr. Young did. Or when he did it."

---------

> After being asked if she recalled having a meeting at the Hinkle Elkouri law firm in early January 2010, Ms. Christiani responded, "No. I've never been to the Hinkle Firm." Mr. Schmitt then interjected, "You can pull up the Hinkle billing records real quickly."

> After the deposition turned to an email Ms. Christiani wrote to the Hinkle Elkouri attorneys representing Derek Christiani wherein she stated she "appreciated you and Phillip meeting with us yesterday and helping explain things," the following exchange occurred:

> Q. You referenced explaining everything or explaining things. What was discussed at your house with -- with Mr. Davidson and Mr. Young?

> MR. BERGMAN: Just want to object to that as overbroad. Tough for anybody to do that.

> MR. KUCKLEMAN: And again, we're -- we're getting in violation of the court's order.

> MR. BERGMAN: I think that's a perfectly appropriate -- we don't have to argue about it each time. You've made yourself clear and I've made myself clear, and I'm not interfering with your deposition, it's been very minimal. I don't know what you're really complaining about.

> MR. KUCKLEMAN: I'm complaining that you're violating the court's order.

----------------------

After testifying that Mr. Christiani's attorneys in the underlying action should have asked Cincinnati for authority to extend the full policy limits to M.S. in exchange for a release of her son "[a]s soon as the extent of [M.S.'] injuries were known," that the extent of M.S.' injuries were known "w]ithin days of the acc -- the day of the accident" and that Ms. Christiani "thought all along there was some liability from the truck driver…" during Cincinnati's re-direct of Ms. Christiani, this exchange occurred:

Q. You came to the conclusion in your mind that [the truck driver] was partially at fault in causing the accident or not preventing the accident, correct?

A. Yes.

Q. Do you believe that [the truck driver'] insurance carrier should have at some point paid policy limits to [M.S.]?

MR. BERGMAN: I'm going to object. It's really getting repetitive. It's becoming harassment.

MR. SCHMITT: Objection. Improper foundation. Calls for speculation on the part of the witness. Argumentative. And answer, if you know.

A. I don't know.

-----------------

## ANALYSIS

**A.     Relevant Rules and Guidelines**.

Federal Rule of Civil Procedure 30(c)(2) provides that objections during a deposition are noted on the record, but that the deposition proceeds with the testimony taken subject to the objection. "An objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed.R.Civ.P. 30(c)(2). Timely

objections during a deposition must be made to avoid waiver of the objection if the objection "relates to the manner or taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time." Fed.R.Civ.P. 32(d)(3)(B). However, objections to relevance or materiality of testimony are not waived by failure to object during the deposition. Fed.R.Civ.P. 32(d)(3)(A).

To promote these principals, and to facilitate the efficient and fair conduct of depositions, this Court has promulgated Deposition Guidelines, which provide, in part:

> Objections shall be concise and shall not suggest answers to or otherwise coach the deponent. Argumentative interruptions will not be permitted. The only objections that should be asserted are those involving privilege or work product protection or some matter that maybe remedied if presented at the time, such as an objection to the form of the question or the responsiveness of the answer. Other objections shall be avoided unless the deposition is being taken for the express purpose of preserving testimony.

Deposition Guidelines of the United States District Court for the District of Kansas, ¶ 5(a).

The Guidelines support Rules 30 and 32 by highlighting some important concepts. One is to prohibit objections which suggest answers to or otherwise coach the witness, commonly called "speaking objections." The other is to make

clear that objections which need not be made to preserve the objection under Rule 32, should not be made in a discovery deposition. The Guidelines also prohibit argumentative interruptions. "Both the Rules and the Guidelines require objections to be concise, non-argumentative and non-suggestive. Implicit in the rule and explicit in the Guidelines is that counsel will cooperate and be courteous to each other and to deponents." *Ash Grove Cement Co. v. Wausau Insurance Co.*, No. 05-2339-JWL-GLR, 2007 WL 689576 (D. Kan. 2007). The Court will now apply the rule and guidelines to the issues presented by the record of Ms. Christiani's deposition.

**B.     The Objections at Issue**.

An objection that a question calls for speculation is a foundation objection and not a form objection. It also tends to coach the witness to respond that she does not know the answer. It is not waived if omitted under Rule 32, and is improper under Rule 30 and the guidelines. An objection to "improper foundation" is a relevance objection and need not be made at the time of the deposition. Fed.R.Civ.P. 32. It is therefore improper under the guidelines. (Also, the fact that an response to a question may not be supported by adequate foundation at the deposition does not mean a foundation may not be made at trial, through evidence outside of the deposition, for the admission of the response as evidence.)

Instructions to a witness that they may answer a question "if they know" or "if they understand the question" are raw, unmitigated coaching, and are <u>never</u> appropriate.  This conduct, if it persists after the deposing attorney requests that it stop, is misconduct and sanctionable.  Mr. Schmidt's parenthetical after a question "If you know the difference between the two" is in the same category.

Although the Guidelines talk about objections based on the "form" of the question (or responsiveness of the answer), this does not mean that an objection may not briefly specify the nature of the form objection (*e.g.* "compound," "leading," "assumes facts not in evidence").  The Court expresses no definitive opinion concerning whether "objection to form" would preserve an objection under Rule 32, but expects that it would be adequate if the question's defect was in that broad category and if the deposing attorney failed to request clarification at the deposition.

An objection that a question is "vague" is usually, and in this instance was, a speaking objection disguised as a form objection.  It essentially expresses a concern that the witness may not understand the question.  Only the witness knows whether she understands a question, and the witness has a duty to request clarification if needed.  This duty is traditionally explained to the witness by the questioner before the deposition.  If defending counsel feels that an answer

evidences a failure to understand a question, this may be remedied on cross-examination.  It is possible that a question could be so confusing, vague, or misleading that an objection to form would be appropriate.  But such an objection to avoid a suggestive speaking objection should be limited to an objection "to form," unless opposing counsel requests further clarification of the objection.

An objection that a question is "over broad" is not an evidentiary objection, but is an objection that the question, in part, exceeds the scope of discovery under Rule 26(b).  This objection does not come within the rule or exceptions to Rule 32, which is concerned with the admissibility of deposition responses as evidence. The Guidelines do not expressly address instances in which deposition questions exceed the scope of discovery, but the principle suggests that such objections are inappropriate.

The scope of discovery under Rule 26 is broad, and such an objection will rarely prevail.  If however, the examination so exceeds the scope of discovery that it evidences bad faith on the part of the questioner, or results in questioning which "unreasonably annoys, embarrasses, or oppresses the deponent," counsel may object as a prerequisite (*see* D. Kan. Rule 37.2, requiring conference prior to motion) to bringing a motion to terminate or limit the deposition under Rule 30(d)(3).  An objection that a question is harassing or argumentative is also

-11-

appropriate only in this instance.  There is no evidence that the questioning in this case reached this standard, and Defendant has not sought any relief under Rule 30(d)(3).  *See generally* **Layne Christiansen Co. v. Bro-Tech Corp**., No. 09-2381-JWL-GLR, 2011 WL 4688836 (D. Kan. 2011) (non-privilege objections not grounds to withhold a response under Rule 30(d)(3) when no relief sought).  Mr. Bergman's comment after his over breath objection ("Tough for anybody to do that.") is an inappropriate speaking objection and improper "argumentative interruption."

An objection that a question is "suggestive" is an improper speaking objection.  Its only object can be to warn the witness not to agree.  A leading question is objectionable as to form, in part, because it suggests the answer.  However, that objection would be unavailing here because the questioner was examining an adverse witness.

The Court has, in this opinion, complied with both parties' requests to interpret the Rules and Guidelines in the context of this record.  However, counsel should remain mindful that the proper object of any deposition is to obtain and record the clear, truthful answers of the witness to questions which address matters within the scope of discovery.  While counsel must act to protect the interests of their clients, that obligation is not inconsistent with working together to achieve

that object as fairly and efficiently as possible.  There are times when comments and actions of counsel defending a deposition, although technically inconsistent with the strict principles expressed here, can be helpful to achieving that object. However, when deposing counsel complains that such conduct is obstructing the deposition, defending counsel are obliged to retreat to the boundaries of the rules.

The Court grants the Motion for Protective Order, insofar as the Court orders the parties to comply with Rules 26, 30 and 32, and this Court's deposition guidelines, as clarified  in this Order.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2012, at Wichita, Kansas.

> S/ KENNETH G. GALE
> Kenneth G. Gale
> U.S. Magistrate Judge